IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LIDMERY CASASOLA,

        Plaintiff,

v.                                                            Case No. 22-2505-JWB

CONTROL SYSTEMS INTERNATIONAL, INC.,
SCHILLING ROBOTICS, LLC,
FMC TECHNOLOGIES, INC., and
TECHNIPFMC US HOLDINGS, INC.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion by Defendant TechnipFMC US Holdings, Inc. (hereinafter "Defendant") to dismiss or alternatively for summary judgment. (Doc. 5.) The motion is fully briefed and is ripe for decision. (Docs. 8, 13.) For the reasons stated herein, the motion to dismiss is GRANTED.

**I. Background and Facts**

Plaintiff alleges that she "worked for Defendants or their subsidiaries" for eight years until she was discharged on October 6, 2021. (Doc. 3 at 2.) The first amended complaint alleges that each of the named defendants was Plaintiff's employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), and that they discriminated against her in violation of Title VII "based on race, color, national origin and ancestry (Hispanic/Latin, from Venezuela), sex (female and gay), associational discrimination (former supervisor is Hispanic/Latin, and wife is disabled/regarded as disabled)." (*Id.* at 9.) Although the complaint only specifies that Plaintiff worked directly for FMC

Technologies Inc. and for Control Systems International Inc.,[1] it further alleges that these two companies (as well as Schilling Robotics) were wholly owned by Defendant, and "[u]pon information and belief, [Defendant] and/or FMC Technologies, and/or their subsidiaries, authorized, utilized, and enforced the employment policies described herein on hiring/firing, promotion, career trajectory, stock bonuses, and reports of workplace discrimination." (*Id.* at 5.)

Plaintiff timely filed three administrative charges of discrimination with the Equal Employment Opportunity Commission (EEOC), naming as respondents "TechnipFMC," Control Systems International, and Schilling Robotics (Doc. 5-2.[2]) The charges included allegations that "[i]n 2017, FMC Technologies and Technip merged into TechnipFMC. Therefore, I name as Respondents: TechnipFMC (employer), Control Systems International (employer), and Schilling Robotics, LLC (entity listed on my severance offer)." (*Id.* at 2.) Plaintiff received a right-to-sue letter from the EEOC and filed the instant action within 90 days. (Doc. 1) The initial complaint (Doc. 1) named "TechnipFMC plc" as a Defendant, but that entity was omitted from the first amended complaint and TechnipFMC US Holdings, Inc. was substituted in its place. (Doc. 3).

---

[1] Plaintiff alleges she was Global IT Manager for Measurement Solutions, a division of Defendant FMC Technologies from August 2013 to December 2015; Operations Manager for Defendant Control Systems International, Inc. from January 2016 to December 2018; and General Manager for Defendant Control Systems International, Inc. from January 2019 to October 2021. (Doc. 3 at 4-5.)

[2] Defendant has attached two exhibits to its motion: (1) a declaration of Kathleen Gehlhausen, a paralegal affiliated with Defendant, which discusses Defendant's corporate structure (Doc. 5-1), and (2) Plaintiff's three EEOC charges (Doc. 5-2). The declaration asserts that Defendant TechnipFMC US Holdings, Inc. "is merely a holding company for other U.S.-based corporate entities falling under the informal 'TechnipFMC' banner" and that it does not have any employees. (Doc. 5-1 at 1.) It asserts that Defendant FMC Technologies, Inc. is a wholly owned subsidiary of the holding company, and that Defendants Control Systems and Schilling are in turn wholly owned subsidiaries of FMC Tech. (*Id.* at 2.) It alleges that Defendant "is ultimately owned by TechnipFMP plc, a corporate entity domiciled in England and Wales." (*Id.*) In deciding a Rule 12(b)(6) motion, the court ordinarily considers only the allegations of the complaint, although the court may also consider documents attached to or referred to in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity. *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020). Under these standards, the court considers the EEOC charges attached to the motion, as they are referenced in the complaint, are central to Plaintiff's claim, and the parties do not dispute their authenticity. The court does not consider Defendant's declaration in the context of a motion under Rule 12(b)(6), however, as it satisfies none of the prerequisites in *Smallen*. *Cf. Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 977 (10th Cir. 2010) (defendant's affidavit considered in motion under Rule 12(b)(2) claiming court lacked personal jurisdiction over holding company).

2

Defendant argues that the first amended complaint fails to state a claim for relief against it because the complaint fails to allege facts showing that Defendant was Plaintiff's employer within the meaning of Title VII. (Doc. 5 at 3.) Defendant cites to standards for establishing that multiple entities are "joint employers" for Title VII purposes and argues Plaintiff has failed to allege facts supporting such liability. Additionally, Defendant argues that Plaintiff failed to exhaust administrative remedies because her EEOC charges did not specifically name TechnipFMC US Holdings, Inc. as a respondent. (*Id.* at 7.) Plaintiff stresses that she had a good faith belief for her allegation that Defendant meets the statutory definition of employer and argues the allegations are sufficient to support a claim that Defendant is a joint employer.

**II. Standards**

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). As the Tenth Circuit observed:

> Determining whether a complaint contains enough well-pleaded facts sufficient to state a claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. The court must determine whether the plaintiff has pleaded enough facts to state a claim for relief that is plausible on its face, not just conceivable. Though a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not count as well-pleaded facts. If, in the end, a plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim.

*Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (citations and internal quotation marks omitted).

### III. Analysis

Plaintiff's EEOC charges are ambiguous with respect to the particular TechnipFMC entity named as the respondent, as indicated by the fact that Plaintiff's initial complaint asserted this claim against TechnipFMC plc, while the first amended complaint substituted TechnipFMC US Holdings, Inc. as the named defendant. Inasmuch as the administrative exhaustion issue does not affect the court's jurisdiction and overlaps in part with the issue of joint employer liability under Title VII, the court proceeds to address the latter issue without deciding the exhaustion question. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 n. 10 (10th Cir. 2018) ("a plaintiff's failure to exhaust administrative remedies before bringing a Title VII … claim does not deprive a federal court of jurisdiction over the claim.")

To prevail on a Title VII claim, a plaintiff must first prove the defendant was her employer. *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014). An "employer" is defined in part as "a person engaged in an industry affecting commerce who has fifteen or more employees…." 42 U.S.C. § 2000e(b). The first amended complaint alleges that Plaintiff held three specified employment positions – one with a division of FMC Technologies, Inc., and two with Control Systems International, Inc. (Doc. 3 at 5-6.) Defendant "and/or FMC Technologies" are alleged to have been "joint employers with the other Defendants." (*Id.* at 5.) Under the "joint employer test," a plaintiff who is the employee of one entity "may seek to hold another entity liable by claiming that the two entities are joint employers." *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc). This test "acknowledges that the two entities are separate, but looks to whether they co-determine the essential terms and conditions

of employment." *Id.* (citations omitted.) Courts will treat independent entities as joint employers "if the entities 'share or codetermine those matters governing the essential terms and conditions of employment.'" *Id.* (citation omitted.) "In other words, courts look to whether both entities 'exercise significant control over the same employees.'" *Id.*

The court concludes the first amended complaint fails to adequately allege facts showing that Defendant qualifies as Plaintiff's employer for purposes of her Title VII claim. Although Plaintiff has alleged that Defendant was Plaintiff's employer, and that Defendant "and/or FMC Technologies, and/or their subsidiaries, … authorized … and enforced the employment policies described herein," these kinds of general and formulaic allegations are insufficient to plausibly show that Defendant was in fact a joint employer for purposes of Title VII liability.  (*See* Doc. 3 at 5.)   With one or two minor exceptions, the first amended complaint contains no specific allegations identifying any employees of Defendant or describing any actions taken by such employees, and it otherwise fails to allege any specific facts demonstrating that Defendant and the two entities that Plaintiff admits employed her "exercise[d] significant control over the same employees." *Bristol*, 312 F.3d at 1218.

The first amended complaint asserts that Defendant wholly owns FMC Technologies. (Doc. 3 at 5.) The mere fact that one or more of the other defendants is a subsidiary of Defendant is insufficient to demonstrate joint employer status. *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) ("[M]ere ownership of a subsidiary does not justify the imposition of liability on the parent."). *Cf. Heuertz v. Caregivers Home Health LLC*, No. CV 19-2756-KHV, 2022 WL 621370, at *4 (D. Kan. Mar. 3, 2022) ("Caregivers Holding Company shared a physical location with two subsidiaries and Midwest Health, but this fact alone does not establish that it and its subsidiaries constituted a single employer."); *Franklin v. GenTech Sci. LLC*, No. 22-CV-1005

JLS(SR), 2023 WL 4303465, at *3 (W.D.N.Y. June 8, 2023), report and recommendation adopted, No. 22CV1005JLSHKS, 2023 WL 4303721 (W.D.N.Y. June 30, 2023) ("In the instant case, plaintiff has proffered no factual allegation that would plausibly suggest that Lakelet was plaintiff's employer or had any control over plaintiff's employment. The factual assertion that Lakelet is the holding company for Purity, which is the holding company for GenTech and Conquer, is wholly insufficient to suggest employer liability against Lakelet.") Plaintiff also asserts the test is satisfied because she alleged that "incentive bonuses came from Defendant." (Doc. 8 at 5.) But the portion of the complaint cited by Plaintiff asserts that she received "the TechnipFMC PLC Incentive Award," which references the name of the entity known as TechnipFMC plc. (*See* Doc. 3 at 6.) As the original complaint pointed out, TechnipFMC plc "is a UK-domiciled public company…." (Doc. 1 at 2.) The allegation does not show that Defendant controlled the terms of her employment. Similarly, Plaintiff contends the allegation that she and other employees "had @technipfmc email addresses" and represented "that they were agents for the parent company/companies" supports an inference of joint employer status. (Doc. 3 at 5.) This allegation, however, fails to address the distinction between Defendant and the entity known as TechnipFMC plc, and as such fails to support a claim that Defendant was Plaintiff's employer. *See In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) ("The fact that two separate legal entities may have a corporate affiliation—perhaps owned by the same holding company—does not alter [the Rule 8] pleading requirement. Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are 'sometimes collectively referred to' by a shared generic name."). Plaintiff's other arguments are likewise unconvincing, such as her contention that she specifically alleged that the "Human Resources department is common to all defendants" such that Defendant can be considered a joint employer. (Doc. 8 at 5.) The first amended complaint refers in conclusory

fashion to "[t]he Defendants' human resources department" and "a human resources representative of Defendants." (Doc. 3 at 6-8). It also refers throughout to various actions taken by "Defendants," without specifying what employee of what entity took the action. In the particular context of establishing that a corporate holding company with whom Plaintiff was not directly employed was nevertheless a joint employer for purposes of Title VII, these sorts of general and undifferentiated allegations fail to show a factual basis for concluding that Defendant had control over Plaintiff's employment. *Warnick*, 895 F.3d at 751 ("Determining whether a complaint contains enough well-pleaded facts sufficient to state a claim is a context-specific task…. If, in the end, a plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim.") In sum, the court concludes the allegations of the first amended complaint are insufficient to state a valid claim for relief against Defendant under Title VII.

### IV. Conclusion

Defendant's motion to dismiss (Doc. 5) is GRANTED. Plaintiff's claim against Defendant TechnipFMC US Holdings, Inc. is DISMISSED. The claim against the other Defendants remains pending.

IT IS SO ORDERED this 31st day of August, 2023.

                                                  _____s/ John W. Broomes_____
                                                  JOHN. W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE