**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LIDMERY CASASOLA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 22-2505-JWB-GEB** |
| ) | |
| **CONTROL SYSTEMS** ) | |
| **INTERNATIONAL, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

After five discovery conferences addressing the same issues, on April 5, 2024 the undersigned Magistrate Judge entered an order directing Defendants, among other things, to produce the cell phone of one if its employees for imaging and production of text messages responsive to a single request for production for a limited temporal period ("Order").[1]  Additionally, while denying Plaintiff's request for harsher sanctions, Defendants were ordered, as a sanction for their failure to follow the Court's prior discovery orders, to pay Plaintiff's reasonable attorney's fees for a period of approximately 6 weeks related to the production of the employee's phones, production of responsive texts from that phone, for time pursuing Plaintiff's oral motion for sanctions, and for preparing for and taking two depositions, as necessary.[2]  On April 10, 2024 Defendants timely filed

---

[1] ECF No. 75.
[2] *Id.*

their Motion to Stay Court's Order ("Motion").[3] And on April 18, 2024 filed their Objection Pursuant to Fed. R. Civ. P. 72(A) ("Objection").[4] Having considered the parties' briefing on the Motion and Defendants' Objection, for the reasons discussed below, Defendants' Motion to Stay **(ECF No. 78)** is **DENIED**.

## I.      Legal Standard

D. Kan. R. 72.1.4(d) allows a party to apply for the stay of a magistrate judge's order pending review of an objection to the order by the district judge. This application must first be made to the magistrate judge. "Such stays are discretionary, are not a matter of right, and 'should not be entered simply because review has been requested.'"[5] However, neither Fed. R. Civ. P. 72 nor D. Kan. R. 72.1.4 sets forth the specific criteria to be considered upon such an application for stay. "The courts in this district thus have applied the criteria used in evaluating discretionary stays in other contexts."[6] "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[7] Under this analysis the Court considers:

1.      Whether the movant is likely to prevail on review;

---

[3] ECF No. 78.

[4] ECF No. 85.

[5] *Consumer Fin. Prot. Bureau v. Carnes*, No. 23-2151-DDC, 2024 WL 1550559, at *1 (D. Kan. April 10, 2024) (quoting *Mannell v. Kawasaki Motors Corp.*, No. 89-4258-R, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991)).

[6] *In re Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-1840-KHV, 2010 WL 3724665, at *1 (D. Kan. Sept. 16, 2010).

[7] *Id.* (quoting *Mannell*, 1991 WL 34214, at *3).

2.      Whether the movant has established that absent a stay
        the movant will suffer irreparable harm;

3.      Whether the issuance of a stay will cause substantial
        harm to other parties to the proceeding; and

4.      The public interests implicated by the stay.[8]

## II.     Discussion

Defendants argue a stay of the Court's Order is appropriate based upon these factors. They argue they will suffer irreparable harm if the Order is not stayed as Plaintiff will potentially gain access to personal, sensitive, secure, irrelevant, and/or privileged information contained on its employee's personal cell phone, which was used for work. They additionally argue Plaintiff will not be harmed if a stay is entered and it would be against public interest to allow the Order which it alleges "allows full access to someone's cell phone by an opposing party anytime that cell phone contains even minor amounts of information that may be relevant to the matter."

Plaintiff argues there is neither basis for objection to the Court's Order, nor basis for a stay. She argues Defendants are not irreparably harmed as there are protections contained in the parties' protective orders and available under Fed. R. Evid. 502 to prevent waiver of any privilege and allow for the clawback of documents. Plaintiff additionally argues a stay would potentially jeopardize the discovery deadline.

---

[8] *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-2541-JWL, 2017 WL 11511527, at *1 (D. Kan. Mar. 28, 2017) (quoting *In re Motor Fuel Temperature Sales Pracs. Litig.,* 2010 WL 3724665, at *1).

It should be noted while Defendants' Motion seeks a stay of the entirety of the Court's April 5, 2024 Order, they have already complied with certain provisions and only assert arguments in support of staying the provisions of the Order which require they produce their employee's personal cell phone, used for work purposes, for imaging and production of responsive text messages. The Court will therefore limit its focus to the portions of the Order which address the production of the cell phone and will address each of the factors in turn.

First, the Court considers whether Defendants are likely to prevail on review. Pursuant to Fed. R. Civ. P. 72(a) the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "The clearly erroneous standard…requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[9] "A magistrate judge's order is 'contrary to law' if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[10] Defendants' Motion does not specify which portions of the Court's Order it alleges are either clearly erroneous or contrary to law. It largely realleges the arguments previously made to the Court and generally mischaracterizes the contours of the Court's Order. The Court does not presume to predict how Judge Broomes will rule on Defendants' Objection, but having reviewed

---

[9] *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552-EFM, 2008 WL 11383397, at *4 (D. Kan. Dec. 3, 2008) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d. 1458, 1461-62 (10th Cir. 1988)).

[10] *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB, 2020 WL 3163199, at *4 (D. Kan. June 12, 2020) (citing *Holick v. Burkhart*, No. 16-1118-JWB, 2018 WL 4052154, at *2 (D. Kan. Aug. 24, 2018)).

Defendants' Motion, the Objection, the Court's Order, and the relevant case law, it concludes Defendants are not likely to succeed in establishing the Court's Order is clearly erroneous or contrary to law. This factor does not weigh in support of a stay.

As for the second factor, Defendants have not established absent a stay they will suffer irreparable harm. Defendants are concerned Plaintiff could potentially gain access to "personal, sensitive, secure, irrelevant, and/or privileged information" contained on its employee's personal cell phone, used for work purposes. However, the Court's Order makes it clear Plaintiff does not have wholesale access to the image of the cell phone. Her access is only to direct the production of responsive text messages. Additionally, the Supplemental Protective Order, which the Court entered on its own motion when the parties failed to submit a supplemental order to provide additional protections for the cell phones produced, limits access to the image to counsel for the parties and their employees and agents as well as the third-party e-discovery vendor(s) involved in the imaging of the phones and the production of responsive text messages therefrom. The Court's Order directed the parties to review the Supplemental Protective Order and determine if it needs to be amended to encompass the production from the employee's personal cell phone. Defendants have been and remain able to limit access to the phone to the third-party e-discovery vendor which is what they argue as an appropriate remedy.

To ensure any privileged communications are not produced, the Court's Order permits Defendants to identify the names and phone numbers of any counsel their employee may have communicated with and for any text messages involving those

numbers be segregated for Defendants' counsel to review and log appropriately for any privilege.

The parties, in conferral and/or during the April 2, 2024 hearing, discussed certain protocols involving the limitation of searches to certain key terms and phone numbers and potentially involving neutral counsel to review the potentially responsive text messages prior to production. The Court found the limitations of searches reasonable. It expressed concerns with inserting an additional layer of review into an already complicated process, but ultimately left the decisions regarding search and review protocols to the parties. With the protections included in the current protective orders, which may be amended to add additional protections, as well as the limitations on access to the image and on searching which the Court's Order encourages, Defendants will not suffer irreparable harm if the Court's Order is not stayed. This factor does not weigh in support of a stay.

Turning to the third factor, the Court addresses whether the issuance of a stay will cause substantial harm to Plaintiff. She argues a stay would potentially jeopardize the discovery deadline. The Court agrees. At Defendants' request the Court recently extended the discovery deadline from May 3, 2024 to May 20, 2024 to permit the parties time to depose Defendants' now former employee, Barry Glickman, which the Court's Order permits to go forward. This the now the fourth extension of the discovery deadline. With this last extension, the parties will have had eleven months to conduct the relevant discovery and the Court is not inclined to permit further extension. This means the parties now have approximately 3 weeks for Defendants to produce the phone at issue for imaging

and production of responsive text messages, to schedule and take the deposition of Barry Glickman, and resume the deposition of Laura Schilling, as necessary. If stay is permitted, Plaintiff nearly assuredly would be unable to complete this discovery which she alleges is necessary to prosecute her case. The Court finds this would cause substantial harm to Plaintiff and this factor does not support a stay.

Last, the Court reviews the public interests implicated by the stay. Defendants argue it is against public interest to allow the Order which it alleges "allows full access to someone's cell phone by an opposing party anytime that cell phone contains even minor amounts of information that may be relevant to the matter." As discussed in factor two above, the Court's Order simply does not allow the type of access to the cell phone which Defendants allege and therefore does not implicate a public interest in the Court's Order as alleged. However, "the public has a general interest in prompt resolution of claims."[11] This final factor does not weigh in support of a stay. After reviewing the application to assess Defendants' chances for success on appeal and weighing the equities between the parties, the Court finds they favor Plaintiff and dictate the Court's Order should not be stayed.

**IT IS THEREFORE ORDERED** Defendants Motion to Stay **(ECF No. 78)** is **DENIED**.

**IT IS FURTHER ORDERED** Defendants shall contact Plaintiff's e-discovery vendor immediately regarding the production of Ms. Schilling's personal cell for the

---

[11] *In re Syngenta*, 2017 WL 11511527, at *2 (quoting *Spears v. Mid-America Waffles, Inc.*, No. 11-2273, 2012 WL 12837278, at *3 (D. Kan. Mar. 8, 2012)).

preparation of a logical image. All provisions of the Court's Order, with the exception of the Discovery deadline, which was recently extended, remain in place.

**IT IS SO ORDERED.**

Dated April 29, 2024 at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge