IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LIDMERY CASASOLA,

           Plaintiff,

v.                                                  Case No.  22-2505-JWB

CONTROL SYSTEMS INTERNATIONAL,
INC., *et. al.,*

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' objection to the magistrate judge's order filed on April 5, 2024.  (Doc. 85.)  The objection is fully briefed and ripe for decision.  (Docs. 85, 94, 97.)  The objection is OVERRULED for the reasons stated herein.

**I.  Standard**

Upon objection on a non-dispositive matter, the district Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (citation omitted).  The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.* (quotation omitted).

1

II. **Facts**

Defendants object to Magistrate Judge Birzer's April 5 order that addressed remaining discovery issues and imposed sanctions on Defendants. Defendants primarily take issue with Magistrate Judge Birzer's imposition of sanctions, but they also claim that she granted Plaintiff too much authority with regard to the production and discovery of a personal cellphone belonging to one of Defendants' employees. Before taking up Defendants' arguments, the court lays out the following facts as they pertain to the matter at hand.

Prior to Plaintiff's discharge on October 6, 2021, she worked for Defendants for eight years. (Doc. 3 at 2.) She held multiple positions during her tenure with Defendants: "Global IT Manager for Measurement Solutions," "Operations Manager for Defendant Control Systems International, Inc.," and "General Manager for Defendant Control Systems International, Inc." (*Id.* at 4–5.) The basis for her claim is that Defendants engaged in multiple forms of discriminatory conduct in violation of Title VII. (*Id.* at 9–10.)

Plaintiff explicitly names Laura Schilling in her complaint against Defendants. Ms. Schilling was appointed as Plaintiff's supervisor in May of 2020. (*Id.* at 70.) Plaintiff alleges that Ms. Schilling engaged in discriminatory conduct by ignoring or cancelling meeting requests from Plaintiff, excluding Plaintiff from manager meetings, and ignoring Plaintiff's career development plan.[1] (*Id.* at 7.) Defendants' Human Resources Department allegedly advised Plaintiff to continue working with Ms. Schilling and discouraged her from filing a formal complaint. (*Id.* at 7–8.) Eventually, Ms. Schilling, according to Plaintiff, directed Plaintiff's supervisor to terminate her employment with Defendants.[2] (*Id.* at 8.)

---

[1] Defendants used career development plans to identify talented employees who could be promoted. (Doc. 3 at 6.)
[2] The court specifically identifies Ms. Schilling because both her work and personal cellphones are involved in the conflicts surrounding the discovery process that led to Magistrate Judge Birzer's order to which Defendants object.

However, the matters at issue here involve the discovery process. Since discovery commenced, there have been five discovery conferences. (Doc. 75 at 1.) At each conference, Magistrate Judge Birzer has been forced to address issues with how Defendants have conducted discovery. For example, during the December 22, 2023, hearing, Plaintiff's counsel raised concerns about Defendants and their counsel not being truthful about relevant electronic communications on Ms. Schilling's work phone. (Doc. 70 at 20:8–21, 24:2–25:19.)

Ultimately, concerns about Defendants' truthfulness and their alleged misconduct during discovery forced Plaintiff to submit an oral motion for sanctions against Defendants. (ECF No. 68). On April 5, 2024, Magistrate Judge Birzer issued two new discovery orders and partially granted Plaintiff's oral motion for sanctions.

The sanctions imposed were for Plaintiff's attorney's fees during the period of February 16, 2024 through April 2, 2024 for the time involved in producing the text messages from Ms. Schilling's work phone and personal cellphone (this includes the production, imaging, and production of the text messages from the phones), and second, Plaintiff's attorney's fees for the time it takes preparing for the deposition of Barry Glickman and, if necessary, a second deposition of Ms. Schilling. Pursuant to the order: (1) Plaintiff could depose Barry Glickman, an employee of the Defendants who was involved in the manager meetings of which Plaintiff was allegedly excluded, and (2) Defendants had to produce Ms. Schilling's personal cellphone for imaging and scanning.

Defendants first filed a motion to stay Magistrate Judge Birzer's April 5 order, (Doc. 78), but then eight days later, filed an objection to the order which is at issue here. (Doc. 85.)

**III. Analysis**

The court takes Defendants' arguments in turn: addressing first Defendants' objections to the sanctions, and second, whether Magistrate Judge Birzer's discovery order to produce Ms. Schilling's personal cell phone is contrary to law.

**A.      Sanctions**

Defendants oppose the sanctions on four grounds: (1) Defendants abided by Magistrate Judge Birzer's orders, (2) Magistrate Judge Birzer's order mischaracterizes Defendants' conduct, (3) the amount imposed is unjust and disproportionate to the alleged misconduct, and (4) the procedure by which they were imposed violates due process. The court considers each argument in turn.

*1. Defendants Failed to Comply with the Orders from the Court*

Defendants argue that they complied with all of Magistrate Judge Birzer's orders except for the most recent one that imposed the sanctions. (Doc. 85 at 4.) By contrast, Magistrate Judge Birzer found that Defendants committed multiple violations, and in turn, delayed the production process and improperly acted as a gatekeeper to the flow of discovery addressed in her orders. (*See* Doc. 75 at 10.) According to her most recent order, (Doc. 75), Defendants committed the following violations: (1) after ordering that Plaintiff would direct the search of Ms. Shilling's work phone, Defendants continued to direct the search; (2) after ordering that Plaintiff's counsel be permitted to communicate with the e-discovery vendor, Defendant defied the court's order by excluding Plaintiff's counsel and directing the e-discovery vendor to not reveal what had been searched on the phone; and (3) Defense counsel decided independently to review all of the evidence produced from Ms. Shilling's work phone for relevancy and confidentiality. (*See id.* at 19.)

4

After reviewing Magistrate Judge Birzer's discovery orders and the hearing transcripts, the court finds that the record supports her conclusions that Defendants violated her orders as she described.

Despite ordering that Plaintiffs were to direct the search of Ms. Schilling's work phone, Defendants defied Magistrate Judge Birzer's order and oversaw the production and search of the phone. Originally, Magistrate Judge Birzer ordered Defendants to have Ms. Shilling personally search her work phone and produce any relevant text messages from the period of January 2020 through December of 2022. (Doc. 70 at 28:2–9, 18–21, 29:1–6; *see* ECF No. 37.) If she failed to do so, Magistrate Judge Birzer threatened to order that the phone be searched by Plaintiff's e-discovery vendor. (Doc. 70 at 29:10–13; Doc. 58 at 3.) At the February 16, 2024, discovery hearing, Magistrate Judge Birzer learned that Ms. Schilling did not produce any text messages for Plaintiff, so she ordered Plaintiff to direct the search with her e-discovery vendor. (*See* Doc. 71 at 19:12–16.) She then ordered Defendants to produce Ms. Schilling's work phone to Plaintiff's e-discovery vendor for forensic imaging. (Doc. 51 at 1–2.) However, at the February 27 discovery hearing, Defendants admitted that they did not produce the phone to Plaintiff's e-discovery vendor because they had concerns about the vendor learning sensitive information. (Doc. 72 at 42:13–19.) Defendants also admitted to contacting Plaintiff's attorney to see if she would ask the e-discovery vendor for recommendations or a referral to a different e-discovery vendor. (Doc. 72 at 43:3–9.) During the hearing, Defendants also explained to Magistrate Judge Birzer how they had contacted the vendor and were attempting to finish the forensic imaging. (*See* Doc. 72 at 44–46.) In other words, Defendants were directing the search and repeatedly failed to relinquish that authority to Plaintiff in defiance of the court's order.

Defendants also failed to comply with Magistrate Judge Birzer's order mandating that they inform the e-discovery vendor that Plaintiff's counsel is permitted to speak with its representatives. (ECF 65.) At the March 6 discovery hearing, Magistrate Judge Birzer learned that Defendants had not informed Plaintiff that they had been communicating with the e-discovery vendor about limiting the scope of the scan to non-privileged messages. (*See* Doc. 73 at 6:24–7:2; 11:13–16.) In response, Magistrate Judge Birzer ordered that Defense counsel stop gatekeeping the information and explicitly inform the vendor that Plaintiff's counsel can speak with its representatives. (*See* ECF 65.) Defendants did no such thing. When Plaintiff's counsel contacted the e-vendor to learn what had been searched on Ms. Schillings work phone, the vendor refused to reveal the findings because of Defendants' order not to do so. (*See* Doc. 84 at 30:4–8, 31:16–32:5.)

Lastly, Defendants' certificate of service filed on March 5 indicates that they intended to review all the production from Ms. Schilling's work phone for relevancy and confidentiality in violation of Magistrate Judge Birzer's order. (Doc. 62 at 1; Doc. 75 at 7.) Magistrate Judge Birzer's order from February 28, 2024, permitted the parties to confer and adopt procedures to handle text messages designated as privileged or confidential. (Doc. 58 at 5, ¶¶ 5, 6.) According to the March 6 hearing transcript, once the necessary parameters were in place to protect confidential or privileged information, Defendants were to turn Ms. Schilling's work phone over to the e-discovery vendor and then Plaintiff would direct the search pursuant to those parameters. (*See* Doc. 73 at 7:3–6.) Instead, Defendants' certificate of service stated that they directed Plaintiff's e-discovery vendor to scan Ms. Schillings work phone, and then they would "produce responsive, non-privileged text messages to Plaintiff . . . ." (*See* Doc. 62 at 1.) Thus, the court

concludes that Defendants did not follow her order regarding how Defendants were to produce Ms. Schilling's work phone for discovery.[3]

In summary, the record indicates that the Magistrate Judge Birzer's conclusions were correct that Defendants violated her orders.

*2. Magistrate Judge's Order Accurately Characterized Defendants' Conduct*

Defendants' second argument against the sanctions is that Magistrate Judge Birzer mischaracterized their conduct as disregarding her orders. (Doc. 85 at 4.) Defendants assert that Magistrate Judge Birzer concluded they disregarded her orders when they failed to produce their communications with Plaintiff's e-discovery vendor. (Doc. 85 at 4.) According to Defendants, Magistrate Judge Birzer imposed this requirement in her order that also imposed the sanctions. (*Id.*) Defendants argue that they could not have disregarded her order and should not receive sanctions for failing to do so because it was issued at the same time the court granted sanctions for its disregard. (*See id.*) In other words, Defendants beg the question: how could they be sanctioned for violating an order that did not exist? In the alternative, Defendants claim that Magistrate Judge Birzer conflated a failure to produce their communications with Plaintiff's e-discovery vendor with an alleged failure to allow Plaintiff to have contact with their e-vendor—which Defendants claim to have permitted. (*See id.*)

The court finds multiple issues with Defendants' fact-based arguments. First, Magistrate Judge Birzer is clear in her order that she is concerned with Defendants purposefully "gatekeeping the communications with the vendor." (Doc. 75 at 10.) Second, Defendants' failure to produce

---

[3] The court notes that Magistrate Judge Birzer called an impromptu discovery hearing on March 6. (Doc. 73 at 2:3–8.) Defendants filed their certificate of service on March 5, and they certified that they would produce the responsive texts from Ms. Schilling's work phone March 8. (Doc. 62 at 1.) Magistrate Judge Birzer called the discovery hearing because she noticed that Defendant's certificate of service did not adhere to her order. (*See* Doc. 73 at 4:6–8.) Hence, Magistrate Judge Birzer caught the violation before Defendants produced what they deemed to be relevant, non-privileged text messages.

7

correspondence is connected with Defendants' behavior of inhibiting Plaintiff from communicating with the e-vendor.  It is two sides of the same coin—with the crux of the issue being that Defendants were gatekeeping and forcing the court and Plaintiff to be "left in the dark." (Doc. 75 at 10.)  Moreover, Defendants fail to point to any evidence that demonstrates they abided by Magistrate Judge Birzer's order to allow Plaintiff to contact their e-vendor.  Rather, they put forth a conclusory statement that they abided by the order.  (Doc. 85 at 4.)

By contrast, Plaintiff directed the court to evidence that supports Magistrate Judge Birzer's findings that Defendants repeatedly failed to follow her orders and acted as a gatekeeper for the information.  Plaintiff first cited the March 6 hearing, when Magistrate Judge Birzer confronted Defendants about their failure to follow her order to permit Plaintiff to communicate with the vendor.  (Doc. 94 at 2–3; Doc. 73 at 10:15–11:1.)  Plaintiff next directed the court to the April 2 hearing, during which Magistrate Judge Birzer learned that Defendants still refused Plaintiff's request for Defendant and the e-vendor's earlier correspondence.  (Doc. 94 at 3; Doc. 84 at 31:3–11:4.)  Upon learning this new information, Magistrate Judge Birzer ordered Defendants to produce those earlier records in the same order that imposed sanctions.

Thus, Defendants' argument misses the mark.  Not only is there evidence indicating that Defendants failed to follow Magistrate Judge Birzer's orders, but the record supports the finding that Magistrate Judge Birzer imposed sanctions not only for Defendant's refusal to produce earlier communications with the e-discovery vendor, but for gatekeeping and attempting to withhold Plaintiff's access to evidence being held by the vendor.  Therefore, the court concludes that Magistrate Judge Birzer did not mischaracterize Defendants' conduct.

> 3. *The Sanctions for Reasonable Attorney's Fees are Not Clearly Erroneous Because the Sanctions are Warranted*

Defendants object to the amount in sanctions under the clearly erroneous standard. (Doc. 85 at 6.) More specifically, Defendants argue that the amount is grossly excessive because Defendants must pay all of Plaintiff's reasonable attorney's fees from February 16, 2024, through April 2, 2024. (*Id.*) The fees will cover Plaintiff's efforts to procure the evidence associated with the production and imaging of Ms. Schilling's work phone, Plaintiff's work on her oral motion for sanctions, and the time preparing for the deposition of Barry Glickman and the second deposition of Ms. Schilling (if necessary). (*Id.*) Under the clearly erroneous standard, "the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *Kaeckell*, 2019 WL 6486744, at *1 (citation omitted).

A court has broad discretion when imposing discovery sanctions. *See Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 68366, at *8 (D. Kan. Jan. 5, 2024), *reconsideration denied*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 757154 (D. Kan. Feb. 23, 2024). They are to deter parties from failing to comply with discovery orders and rules, and they should ensure parties do not benefit from noncompliance. *See id.* However, the sanctions must be "'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Id.* (citation omitted).

The court finds no mistake with Magistrate Judge Birzer's impositions of sanctions in the form of attorney's fees for Plaintiff's work on obtaining images of Ms. Schilling's work phone. As already discussed, Defendant did not follow Magistrate Judge Birzer's orders regarding the production and imaging of Ms. Schilling's work phone. (*See* Section B.2.) Magistrate Judge Birzer reserved ruling on whether a request for production to obtain images of Ms. Schilling's work phone also included images of her personal cellphone. (Doc. 75 at 18.) However, she had

9

warned the parties that if evidence came to light that revealed Ms. Schilling had used her personal cellphone for work purposes, she would consider ordering it to be produced. (*Id.*) And it was during Ms. Schilling's deposition when she admitted to occasionally using her personal cellphone for work. (Doc. 75 at 10–11.) Hence, not only did Defendants act as gatekeepers for Ms. Schilling's work phone—and seemingly stall Plaintiff's efforts in acquiring the relevant data from it—Plaintiff also took Ms. Schilling's deposition without access to the work information that could be on her personal cellphone. As a result, Magistrate Judge Birzer appears to have concluded (not surprisingly) that Plaintiff was not as prepared for her deposition of Ms. Schilling as she would have been had the contested discovery been timely produced. Although the order is not explicit, it seems that this conclusion led Magistrate Judge Birzer to impose sanctions for attorney's fees for the work of obtaining Ms. Schilling's phone records and, if necessary, preparing for and taking her second deposition. After reviewing the record, the court concludes that Magistrate Judge Birzer's order is just and related to the directives in the discovery orders to produce Ms. Schilling's phone records.

The court also finds no mistake in imposing attorney's fees for the depositions of Barry Glickman. This sanction is related to Plaintiff's Request for Production for the PowerPoint presentations for monthly meetings about the financial performance of the business units Plaintiff oversaw (RFP No. 33). (Doc. 75 at 9.) These PowerPoint presentations were created for Defendants' employee Barry Glickman. (*Id.* at 10.) Defendants argue that Magistrate Judge Birzer committed a mistake by imposing a sanction which requires Defendants to pay Plaintiff's attorney's fees for the time it takes to prepare for and take the deposition of Glickman. (Doc. 85 at 6.) They argue such amount is grossly excessive and that Magistrate Judge Birzer committed a

10

mistake because she did not offer an explanation for why Defendant's should bear those costs. (*See id.*) The court disagrees.

Upon review of the evidentiary record, the court finds that Defendants failed to abide by Magistrate Judge Birzer's orders to produce the PowerPoint presentations. On February 16, Magistrate Judge Birzer ordered that Defendants "shall produce the documents responsive to RFP No. 33, removing the limitations on the RFP as discussed during the conference, and supplement their response to indicate after a reasonable search there are no additional PowerPoints no later than close of business 2/23/2024." (Doc. 51 at 1.) Defendants neither provided additional PowerPoints nor filed a supplemental response by February 23 confirming there were no more PowerPoints. (*See* Doc. 73 at 25:14–23; 27:3–5.) In fact, Magistrate Judge Birzer confronted Defendants about their failure to certify that there were no additional PowerPoints at the April 2 discovery hearing. (Doc. 84 at 17:1–5, 19:24–20:5.) It was not until April 5 that Defendants certified that they had provided the PowerPoints that fell under Plaintiff's request in RFP No. 33. (Doc. 76 at 1.) And it took Defendants almost two months to inform Plaintiff that after a reasonable search, there were no additional PowerPoints. Once again, Defendants kept Plaintiff and the court in the dark on this matter. In response, to ensure that Plaintiff has a fair and full opportunity to conduct discovery on this matter, Magistrate Judge Birzer ordered that Plaintiff could depose Glickman, (Doc. 75 at 10), and that Defendants would cover the attorney's fees related to that deposition. Hence, the sanctions for attorney's fees are related to her discovery orders, and they are just because Defendants repeatedly failed to follow her orders.

Thus, the court finds no error with imposing the sanction for attorney's fees. However, Magistrate Judge Birzer's order requires the parties to confer to determine the amount of attorney's fees to be paid. (Doc. 75 at 20.) Based on the record, a conference between the parties has not

occurred. Therefore, although the court finds no error with the imposition of sanctions, it orders that the parties comply with Magistrate Judge Birzer's mandate to confer to determine the amount of attorney's fees.

   *4. Due Process*

Lastly, Defendants argue that they were not afforded due process when Magistrate Judge Birzer imposed sanctions on them. (Doc. 85 at 3.) They are correct that a court must abide by basic due process requirements when imposing sanctions: notice and an opportunity to respond. *See United States v. Melot*, 768 F.3d 1082, 1085 (10th Cir. 2014). Defendants make a twofold argument: (1) they were not on notice that sanctions were on the table, and (2) they did not have a meaningful opportunity to respond after Plaintiff orally moved for sanctions at the April 2 hearing and before Magistrate Judge Birzer imposed them. (*See* Doc. 85 at 3.)

      *a. Notice*

On the issue of notice, the court finds that Magistrate Judge Birzer more than sufficiently notified Defendants that she was considering sanctions against them. After the first discovery conference on December 22, 2023, Magistrate Judge Birzer entered an order that explicitly stated the court would consider sanctions regarding Requests for Production Nos. 7, 8, 15, 33, and 38 if Defendants failed to follower her production order: "If Defendants fail to timely produce these documents the Court will be inclined to enter a sanction of $1,000 per day until the documents are produced." (ECF No. 37.) During the second discovery hearing, Magistrate Judge Birzer again warned Defendants that failure to comply with her orders regarding the production of the monthly PowerPoint presentations (i.e., RFP No. 33) could result in sanctions. (*See* Doc. 71 at 11:19–13:4.) And lastly, Magistrate Judge Birzer forcefully reiterated at the third discovery conference that if Defendant's failed to abide by her order regarding the production and discovery of Ms. Schilling's

work phone (i.e., RFP No. 38), she would impose a sanction of $1,000/day until they complied. (*See* Doc. 72 at 64:25–65:4.)

Defendants were also aware that Plaintiff was seeking sanctions because Plaintiff submitted a position statement on the issue of sanctions on March 26, 2024.[4] (*See* Doc. 85 at 3; Doc. 94 at 6; Doc. 97 at 5.) It detailed her discovery that Ms. Schilling had used her personal phone for work purposes and that Defendants had not produced it—which was required by court order. (*See* Doc. 75 at 9.) Because of this violation, Plaintiff informed the court that she would seek sanctions against Defendant, and if the court desired, would file a motion for sanctions before the April 2, 2024, discovery hearing. (*See id.*)

Thus, sanctions against Defendants were clearly on the table, and neither Magistrate Judge Birzer nor Plaintiff failed to inform Defendants of that possibility. Therefore, the court concludes that Defendants were on notice that sanctions could be imposed.

> b. *Opportunity to Respond*

Defendants also argue that they did not have a "meaningful" opportunity to respond to Plaintiff's oral motion for sanctions. (Doc. 85 at 3.) Accordingly, they argue that because of the oral nature of Plaintiff's motion, they could not "independently assess" the factual or legal basis of the requested sanctions. (*See id.*)

Defendants' argument is interrelated with their position that they did not have sufficient notice. For example, had Magistrate Judge Birzer not repeatedly warned Defendants about sanctions for failing to comply with her orders, then this court could appreciate Defendants' position that the motion for sanctions was unexpected and the court's imposition of them an utter

---

[4] There is no record of the position statement on the docket report. However, neither party disputes that it exists, and Magistrate Judge Birzer included a footnote in her order (Doc. 75) that Plaintiff's position statement is in the court's electronic file. (*See* Doc. 75 at 13 n.23.)

13

surprise. Under those facts, Defendants would not be ready to defend against Plaintiff's oral motion for sanctions at a discovery hearing. But that is not what happened.

As discussed above, Magistrate Judge Birzer warned Defendants about the imposition of sanctions for failing to abide by her orders multiple times. Plaintiff even submitted a position statement on sanctions—which Defendants admit to receiving and reading—prior to the April 2 hearing where Plaintiff made the oral motion for sanctions. Hence, Defendants were well aware that Magistrate Judge Birzer and Plaintiff were considering sanctions, and as such, had an opportunity to respond—and should have prepared for that opportunity—at the April 2 hearing.

Moreover, Defendants had an opportunity to respond to Plaintiff's oral motion for sanctions and Magistrate Judge Birzer's imposition of sanctions in their objection to her order (Doc. 85) and their reply briefing (Doc. 97). In *McLaughlin v. Phelan Hallinan & Schmieg*, LLP, 756 F.3d 240, 249 (3d Cir. 2014), the district court had imposed Rule 37 sanctions on the defendant for violating its discovery order. *See id.* at 249. The defendant objected to the sanctions, arguing in part that it did not receive notice or an opportunity to respond. *See id.* The Third Circuit noted that defendant did not have notice that sanctions were being considered prior to the district court imposing them, nor did the defendant have an opportunity to immediately respond by claiming their sanctionable conduct was justified. *See id.* at 250. Nevertheless, in the briefings on the "magnitude of sanctions," which were being considered by a newly assigned federal district judge, the defendant "laid out its arguments" for why its sanctionable conduct was justified and argued for the reevaluation of the sanctions to a new federal district court judge. *See id.* The newly assigned district judge affirmed her predecessor's decision to impose sanctions, and the Third Circuit held that the post-imposition briefings constituted a sufficient opportunity to be heard. *See id.* Likewise here, Defendants have been able to fully brief and argue against the sanctions

imposed by Magistrate Judge Birzer in their objection (Doc. 85) and reply briefing (Doc. 97). In doing so, their arguments have been proposed to this court, an independent and removed federal district judge. Hence, in line with the Third Circuit's ruling in *McLaughlin*, this court finds that Defendants' post-sanction objection and briefing also qualify as a sufficient opportunity to be heard.[5]

Therefore, Defendants' due process argument is denied.

### B.    Alleged Violation of Federal Rule of Civil Procedure 26

Defendants also argue that the order to produce Ms. Schilling's personal cellphone is contrary to law because it violates Federal Rule of Civil Procedure 26. (Doc. 85 at 1.) They assert that because the order is silent regarding nonrelevant information, the order violates Rule 26 in that it grants Plaintiff's counsel "carte blanche" authority over the discovery of Ms. Schilling's personal cellphone. (*See id.* at 1–2.) More specifically, Defendants assert that Plaintiff's counsel will be the "final arbitrator" for what is considered relevant, privileged, or confidential information, and that such access and authority is a "blatant violation of privacy." (*See id.* at 2.) Without limiting language, according to Defendants, the order violates Rule 26 because it will force Defendants to produce "unrelated, irrelevant, potentially privileged, and unprotected information." (*Id.* at 2.)

---

[5] Defendants also rely on caselaw regarding the imposition of sanctions under Federal Rule of Civil Procedure 11. (*See* Doc. 85 at 3–4) (citing *United States v. Melot*, 768 F.3d 1082 (10th Cir. 2014). Defendants appear to cite *Melot* for the argument that in order to afford them sufficient notice and an opportunity to respond, Magistrate Judge Birzer needed to lay out the specific sanctions she was considering imposing on them. (*See* Doc. 85 at 3.) Assuming arguendo that the Rule 11 cases apply here, those cases do not support Defendant's argument. Instead, to be afforded a sufficient opportunity to respond, "the objectionable conduct must be identified", *see Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987), and the court must inform the party which provision the sanctions will be based upon (e.g., Fed. R. Civ. P. 11, Fed. R. Civ. P. 37(b), etc.). *See Melot*, 768 at 1085. The court is unconvinced that Defendants were unaware of their sanctionable conduct or the standard by which Magistrate Judge Birzer was threatening sanctions. As discussed in Section III.A.4.a, Magistrate Judge Birzer repeatedly threatened sanctions against Defendants for failing to abide by her discovery orders. Hence, if the requirements from Rule 11 caselaw apply here, the court finds that Defendants would have been aware of their sanctionable conduct and that Magistrate Judge Birzer was threatening them with the standard governing discovery sanctions—Rule 37(b).

The court disagrees, and in fact, finds Defendants' characterization of Magistrate Judge Birzer's order a gross misstatement. Magistrate Judge Birzer did not grant Plaintiff and her counsel unfettered authority over reviewing the content of Ms. Schilling's personal cellphone; rather, Magistrate Judge Birzer clearly laid out her findings for why Defendants had to produce Ms. Schilling's personal cellphone and placed evidentiary safeguards to protect against the discovery of privileged or irrelevant information.

First, Magistrate Judge Birzer ordered that Ms. Schilling's personal cellphone be produced because during her deposition, she revealed that her personal cellphone number was included in her work signature block, that she made her personal cellphone number available for work related issues, and that Plaintiff had sent her at least one text with a work chart to her personal cellphone. (Doc. 75 at 10–11.) To allay fears that Plaintiff would find nonrelevant, privileged, or confidential information, Magistrate Judge Birzer also placed restrictions on the scope of discovery. Plaintiff and Defendant are to confer and agree on both reasonable search terms and the protocols for reviewing potentially privileged text messages and confidential information. (*Id.* at 11–12.) The images of the cellphone will also be for "Attorney's Eye Only."[6] (*Id.* at 12.) Additionally, Magistrate Judge Birzer ordered the parties to review her Supplemental Protective Order (Doc. 56) and revise it as necessary to protect Ms. Schilling and Defendants during the production and review of her personal cellphone. (*Id.* at 12). Thus, Defendant's characterization of Magistrate Judge

---

[6] "Attorney's Eyes Only" is defined in the Supplemental Protective Order (Doc. 56) as "information the reviewing parties designate in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of to the following categories of information or documents:
- The forensic image of the work phone(s) Laura Schillings used during the relevant time period, between January 1, 2020 and December 31, 2022; and
- The production of text messages for the image of the work phone(s) the parties agree should be designated as "Attorneys' Eyes Only Information."

Birzer's order is simply incorrect and inaccurate, as her order clearly limits the scope of discovery and imposes procedures to protect against Plaintiff reviewing privileged or irrelevant information.

The court also addresses Defendants' argument that by ordering Plaintiff to direct the searches of Ms. Schilling's personal cellphone, she made Plaintiff's counsel the sole arbitrator over gathering and reviewing relevant, privileged, and confidential information. (Doc. 85 at 2.) As already discussed, this argument misstates Magistrate Judge Birzer's order. She explicitly ordered that Plaintiff and Defendants confer regarding how to handle these matters. Second, Defendants engage in hyperbole and exaggerate Plaintiff's counsel's role during the discovery process with the e-vendor. Contrary to Defendants' assertion, Plaintiff's counsel will not be the final arbitrator; instead, the agreed upon parameters for the discovery process will be in place, and Plaintiff's counsel will only have the ability to direct and coordinate the production of the text messages by the e-discovery vendor—they will not have "wholesale access to the image of the cell phone." (Doc. 93 at 5.)

The court finds Defendants' argument that Magistrate Judge Birzer's order violates Fed. R. Civ. P. 26 devoid of merit. Magistrate Judge Birzer articulated why Ms. Schilling's personal cellphone could contain relevant evidence, and she mandated that the parties establish discovery parameters to reduce the risk of delivering irrelevant or privileged information to Plaintiff. Therefore, Magistrate Judge Birzer's order does not violate Rule 26.

To be sure, the production of an individual's personal cell phone in discovery raises serious privacy concerns to which this court is not insensitive. Such intrusive discovery should be used sparingly in a civil case, and certainly only after prior, less intrusive means have failed. However, a review of the record leaves the court with the firm conviction that any harm resulting from the production of Ms. Schillings personal cell phone is a self-inflicted wound. The record reveals that

the magistrate judge wasted an inordinate amount of time dealing with Defendants' recalcitrance in relation to the production of text messages from Ms. Schillings' phones that were responsive to RFP 38.  The record indicates that Defendants initially asserted that Ms. Schillings did not use text messages for work purposes, and that she had searched her phones but found no responsive texts. (Doc. 70 at 25:3–10.)   However, Magistrate Judge Birzer was skeptical of that assertion, so Defendants were ordered to find and produce responsive messages by January 12, 2024.  (*Id.* at 15:19–24, 32:13–15; Doc. 58 at 3; Doc. 84 at 22:13–14.)  Nevertheless, negotiations over the search of Ms. Schillings' work phone persisted into mid-February, at which point matters reached a head during the February 16 discovery conference and the magistrate judge ordered Defendants to produce Ms. Schillings' work phone for imaging by Plaintiff's e-discovery vendor.  (Doc. 71 at 19:5–20:3, 23:3–4.)  That phone was produced to the vendor on March 1, 2024, (Doc. 62 at 1), but additional legal wrangling over who would control the flow of discovery from the phone and Plaintiff's ability to review the discovery (as ordered by the magistrate judge) continued.  (Doc. 73 at 4:6–5:8, 5:16–19.)  Even after three additional discovery conferences, the April 2 discovery conference revealed that Defendants' counsel had prohibited the e-discovery vendor from informing Plaintiff's counsel what Defendant had ordered to be produced from Ms. Schilling's work phone.  (Doc. 84 at 31:12–21.)  Based on the record, it remains unclear whether Plaintiff has received the imaging—as during the April 2 conference, Magistrate Judge Birzer stated that she had told defense counsel to inform the e-discovery vendor not to produce anything from the phone because of her concerns about the directions defense counsel had given.  (*Id.* at 28:24–29:3.)  In the meantime, Ms. Schillings' deposition was taken on February 23, 2024, during which she admitted to putting her personal cellphone number in the signature block of her work email, thus making her personal cellphone available for work purposes.  (Doc. 84 at 39:16–24.)  Moreover,

18

during her deposition, she admitted to receiving at least one text message to her personal cellphone from Plaintiff about work issues. (*Id.* at 40:9–15.) And yet, she failed to search that phone for messages responsive to RFP 38 and represented to the court that none existed. (*See id.*) Thoroughly frustrated with these repeated efforts to thwart discovery in this case, after time and again listening to excuses about why Defendants had failed to comply with her orders regarding production of messages from the relevant phones, Magistrate Judge Birzer entered the contested order at issue here. (Doc. 75.) As this court sees it, Defendants had a chance to comply with their discovery obligations related to the phones, but having failed to do so, they lost control of their own destiny. Instead, the magistrate judge took over and imposed an appropriate resolution, with ample safeguards to protect privacy, confidentiality, and privilege.

**IV.   Conclusion**

After reviewing Magistrate Judge Birzer's order and the evidence in support of her rulings, the court is convinced that she neither made a factual mistake nor committed a legal error that must be set aside. Therefore, Defendants' objection to Magistrate Judge Birzer's order (Doc. 85) is OVERRULED.

IT IS SO ORDERED. Dated this 11th day of June, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE